Wesley SMITH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 55S00–8804–CR–00399.

Supreme Court of Indiana.

Jan. 25, 1991.

--------

David J. Colman, Colman & Carter, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

After a jury trial, the defendant Wesley Smith was convicted of multiple counts of dealing in cocaine and dealing in marijuana. Among the multiple issues raised in this direct appeal, the defendant contends that his convictions must be reversed because of the admission of evidence obtained in violation of his Fourth Amendment rights. We agree.

Following the arrest of the defendant on September 29, 1986, he informed police officers that there was marijuana in his home and that his wife, Tammy Smith, was in the home alone with two children. After first obtaining a warrant for her arrest, the officers then went to the Smith home. They did not have a search warrant. Upon their arrival, the officers were permitted to enter through the front door by Mrs. Smith who was then advised of her rights and arrested. The officers then conducted a "protective sweep" of the entire house. During this exploration, the officers discovered a locked door to a storage room connected to the game room of the house. The doorknob appeared to be of typical residential bathroom variety, with a locking knob facing inside, subject to opening from the outside by inserting a key or pin. The officers attempted to look inside the storage room, but were unable to do so. They heard no sounds emanating from the room, nor did they smell any unusual odors. The officers discussed the legality of entering the room without a search warrant. There was general agreement among them that they could enter the room to be sure no one was hiding, but there was uncertainty as to whether or not objects found in the room could be used as evidence. Indiana State Trooper Melvin Walker telephoned the prosecuting attorney to discuss the necessity of acquiring a search warrant for the locked storage room. While this telephone conversation was occurring, another officer inserted a paperclip into the doorknob to release the lock, and entered the room. Upon entry, the officers saw a large quantity of drying marijuana in plain view from the door. The officers entered the storage room and conducted a complete search thereof, including opening closed containers and compartments where they discovered cocaine inside a closed cigar box on a shelf.

Upon the defendant's motion to suppress, a hearing was conducted during the trial. The trial court held admissible only the evidence discovered in "plain view" after the storage room door was opened. This allowed the admission of approximately 1,150 grams of marijuana and photographs taken of the storage room and the marijuana.

 The question presented is whether the warrantless entry into the locked storage room and seizure of the marijuana violated the Fourth and Fourteenth Amendments to the Constitution of the United States.

 In order for a search and seizure to be valid, a search warrant must be obtained unless the exigencies of the situation demand an immediate response. *Savage v. State* (1988), Ind., 523 N.E.2d 758. A warrantless search is presumed unreasonable, and the State bears the burden to show that the search falls under an exception to the warrant requirement. *Brooks v. State* (1986), Ind., 497 N.E.2d 210.

The State alternatively contends that alleged error has been waived, that the search fell within the "protective sweep" exception to the warrant requirement, and that any error in admitting the evidence was harmless.

As to waiver, the State argues that the defendant failed to make a sufficient contemporaneous objection at the time the disputed evidence was offered during trial.

 The trial court recessed the trial to conduct a hearing on defendant's motion to

suppress, following which the trial court ruled:

> [T]he Court finds that it was reasonable for the Officers to enter the locked room. Therefore, anything they found in plain view is admissible as contraband. Nothing that they found that was not in plain view will be admitted. So the marijuana that was described in the pictures and testified to will be admissible ... and these vials in the cigar box and any other things found by opening up anything else will not be admissible.

Record at 2426–27. It is generally true that a motion to suppress does not preserve error for appellate review, and that the movant must also object at trial when the evidence is offered. *Schweitzer v. State* (1989), Ind., 531 N.E.2d 1386; *Lindsey v. State* (1985), Ind., 485 N.E.2d 102.

Following the ruling on the defendant's motion to suppress the trial court granted the defendant's request to show a continuing objection. Record at 2440. In addition, when the marijuana seized from the storage room was offered as evidence, the defendant objected "based on the search and seizure grounds previously raised." Record at 2807. Likewise, when the photographs of the storage room were offered in evidence, the defense counsel reasserted his objection based upon the "illegal entry into that room." Record at 2642. During the cross-examination of the defendant, when the State questioned him about the storage area off the family room, the defense counsel restated and reminded the court of "my continuing objection to the line of questioning," and noted that he "previously requested that the Court show continuing objections to this line of questioning and I want to make sure I don't waive that." Record at 2633–34. Later in the same colloquy, defense counsel reiterated his desire to show a continuing objection "to any questions related to anything to do with the search of the storage room." The request was granted by the trial court. Record at 2633–34.

■ The State argues that the defendant's continuing objection was insufficient, citing *Abner v. State* (1985), Ind., 479

N.E.2d 1254, and *Hobson v. State* (1986), Ind.App., 495 N.E.2d 741. In *Abner,* we noted the requirement that a defendant specify the grounds of his objection at trial, and held insufficient an objection "for reasons that we previously argued in chambers." 479 N.E.2d at 1259. In the present case, the defendant referred to a prior objection expressly made on the record in open court. An objection "for reasons that I had set out earlier," and a request to show such a continuing objection, was disapproved in *Hobson* because the reasons "set out earlier" had occurred during a prior argument on a motion for severance of offenses. However, the *Hobson* court expressly approved of "using the device of a continuing objection." 495 N.E.2d at 744. The record must demonstrate that the continuing objection or reference to a prior objection fully and clearly advises the trial court of the specific grounds for the objection. Ind. Trial Rule 46. In the present case, we find that the actions of defense counsel were sufficient to fully apprise the trial court of the specific basis for his objection, thus permitting effective appellate review of the trial court's rulings. We reject the State's claim of waiver for failure to make specific contemporaneous objection.

■ The State next argues that in the course of a lawful arrest, police may conduct a protective sweep of areas of a house other than where the arrest occurs when they have reason to believe that other persons on the premises may pose a threat to their safety, citing *Williams v. State* (1979), Ind.App., 397 N.E.2d 1088 and *Ingle v. State* (1978), Ind.App., 381 N.E.2d 887. The State contends that opening the locked door and entering the storage room fell within the protective sweep exception.

The United States Supreme Court recently reviewed this precise issue, and stated:

> [A]s an incident to the arrest the officers could, as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched. Beyond that,

however, we hold that there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene....

We should emphasize that such a protective sweep, aimed at protecting the arresting officers, if justified by the circumstances, is nevertheless not a full search of the premises, but may extend only to a cursory inspection of those spaces where a person may be found. The sweep lasts no longer than is necessary to dispel the reasonable suspicion of danger and in any event no longer than it takes to complete the arrest and depart the premises.

*Maryland v. Buie* (1990), 494 U.S. ——, ——, 110 S.Ct. 1093, 1098, 108 L.Ed.2d 276, 286–87. The Court concluded by holding that the "Fourth Amendment permits a properly limited protective sweep in conjunction with an in-home arrest when the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene." 494 U.S. at ——, 110 S.Ct. at 1099–1100, 108 L.Ed.2d at 288.

We must examine the record to determine whether the State discharged its burden to show that the warrantless search was permissible. Of particular relevance here is the alternative requirement under *Buie* either that the area searched was "immediately adjoining the place of arrest," or that there existed articulable facts warranting the arresting officers to reasonably believe that "the area to be swept harbors an individual posing a danger to those on the arrest scene."

In the present case, the officers first entered the living room of the home to make the arrest, and then checked the separate kitchen and game room. Upon discovery of the locked door to the storage room off the game room, the officers discussed "whether it would be possible for someone to be in there," and decided that it was a possibility. Record at 2409–10.

However, there is no indication from the record that the officers perceived any danger to their safety.

The officers' motivations are illustrated by the following colloquy between defense counsel Colman and Trooper Walker:

Q. You were there to arrest Tammy Smith?

A. Yes sir.

Q. So when you were confronted with a room that you couldn't ... open ... a locked door ... why was it necessary to secure the house? Why didn't you simply leave there with Tammy Smith?

A. If we had done that ... if we had of left there and not done it ... and at a later time found that there was possibly a fleeing felon or someone injured or who knows what was in that room that could have been taken care of ... if we had done no more than to use a paperclip to open the door and look. I've seen circumstances like that kind of sneak up on you.

Q. But you actually had no information or facts to support that kind of concern? It was just a concern was it not?

A. Just past experience.

Q. Past experience. But your authority was to be there to arrest Tammy Smith, correct?

A. Yes sir.

Record at 2416–17. Following intervening preliminary questions which were stricken by the court, the questioning of Trooper Walker contained the following:

Q. And then the execution of the arrest warrant of Tammy Smith ... there was nothing that required you to open the door to that room, was there?

A. Only past experience.

Q. And suspicion?

A. There is always suspicion.

Q. Okay, you could have fully executed that search ... that arrest warrant by simply taking Tammy Smith out of that house, couldn't you?

A. Yes sir.

Q. Without ever having to open that locked door?

A. Yes sir.

Record at 2419. These given reasons do not constitute "specific and articulable facts," but are instead the mere "inchoate and unparticularized suspicion or hunch" which were proscribed as insufficient justification for a warrantless search under *Terry v. Ohio* (1968), 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909, quoted with approval in *Maryland v. Buie* (1990), 494 U.S. ——, ——, 110 S.Ct. 1093, 1097, 108 L.Ed.2d 276, 285.

It is clear in this case that the warrantless search of the locked storage room was not justified by the circumstances. There is no evidence that the storage room immediately adjoined the place of arrest from which an attack could be immediately launched. There are no specific and articulable facts demonstrating any reasonable suspicion of danger. Notwithstanding the State's additional argument on appeal that forced entry into the locked room was reasonable because police presence would be required on the scene to arrange for the care of the defendant's children, the record does not contain any testimony by the arresting officers showing that this was their concern at the time of the search.

 The State finally contends that any error in the admission of the disputed evidence was harmless, because the marijuana in the storage room was not the marijuana upon which the charges were brought, and because the defendant admitted the charged conduct, but claimed the defense of entrapment. Before a federal constitutional error can be held harmless, we must be able to declare our belief that it was harmless beyond a reasonable doubt. *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. We cannot make such a declaration here.

At trial, Smith asserted the defense of entrapment to the charged offenses. The defense is defined by Indiana statutory law and tested frequently in the decisions of our courts. I.C. § 35–41–3–9 provides:

(a) It is a defense that:

(1) The prohibited conduct of the person was the product of a law-enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) The person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment.

 Once raised, the State has the burden to refute a defense of entrapment by evidence which tends to show that the level of police activity did not persuasively affect the free will of the accused and that the accused was predisposed to commit the offense. *Gossmeyer v. State* (1985), Ind., 482 N.E.2d 239. The defendant's assertion of an entrapment defense was clearly impaired by the admission of the evidence of large quantities of marijuana in his home. Such evidence has been recognized as probative in supporting a predisposition to deal in narcotics. For example, in *Gossmeyer v. State* (1985), Ind., 482 N.E.2d 239, 241, this Court stated:

To rebut the defense of entrapment, it is sufficient to show circumstances which establish the criminal predisposition of the accused including his possession of large quantities of contraband, his ability to access contraband in a short time, his knowledge of prices and sources and his manner of conducting the sale of contraband itself.

We cannot assume that evidence of the marijuana found in Smith's home would not affect a jury faced with the decision of whether he was not predisposed but persuaded by law enforcement officials to engage in criminal conduct.

We therefore conclude that, because the issue was not waived by any failure of the defense to properly object at trial, because the "protective sweep" doctrine is not applicable to these facts, and because the resulting erroneous admission of evidence cannot be viewed as harmless, the convictions cannot be permitted to stand.

The judgment of the trial court is reversed. This cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., not participating.