Gary TEER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 69A01–0006–CR–193.

Court of Appeals of Indiana.

Nov. 9, 2000.

Transfer Denied Jan. 17, 2001.

Leanna Weissmann, Lawrenceburg, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant Gary Teer appeals his conviction for unlawful possession of a firearm by a serious violent felon,[1] a class B felony. He contends that 1) the serious violent felon statute violates both the U.S. and Indiana Constitution; 2) the trial court erred in admitting evidence that should have been suppressed on Fourth Amendment grounds; and 3) the trial court improperly sentenced him to sixteen years in prison.

### FACTS

The facts most favorable to the verdict indicate that on December 1, 1999, the Indiana State Police received information that Teer had a warrant for his arrest and that he was staying at his father's house near Milan, Indiana. During the early morning hours of December 1, 1999, the Indiana State Police assembled a team of ten or eleven officers to arrest Teer at the Milan house. After the arresting officers had stationed themselves around the house's perimeter, the commanding officer telephoned Amanda Teer, Gary's sister, and requested that she turn on the porch lights and open the front door.

Amanda Teer complied with the request, and then both she and Gary Teer stepped out of the house and onto the front porch. Once Gary Teer had stepped outside, an officer secured him while other officers began conducting a protective sweep of the house. During the protective sweep, an officer found a handgun on a shelf near the door to the front porch. None of the other four adults in the house claimed ownership of the handgun. When an officer asked Teer whether the handgun was his, Teer admitted that he owned it. R. at 353, 407.

On December 3, 1999, Teer was charged with possession of a firearm by a serious violent felon. Following a trial, the jury found him guilty as charged and the trial court sentenced him to sixteen years of incarceration. In enhancing Teer's sentence, the trial court stated, among other factors, the following aggravator: "Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime." R. at 206. Teer now appeals.

---

1. IND.CODE § 35–47–4–5(c) prohibits a serious violent felon from knowingly or intentionally possessing a firearm. This statute deems, among others, one who sells a "schedule II" substance a serious violent felon. I.C. § 35–47–4–5(b)(24). Methamphetamine is considered a "schedule II" substance. IND CODE § 35–48–2–6(d)(2). Teer had been convicted of manufacturing and possessing methamphetamine by an Arkansas court on September 20, 1996. The serious violent felon statute criminalizes the knowing or intentional possession of a firearm even if the serious violent felony was committed in another jurisdiction. I.C. § 35–47–4–5(a)(1)(B).

## DISCUSSION AND DECISION

### I. Constitutional Challenges to the Statute

Teer first challenges the constitutionality of the serious violent felon statute, claiming that the statute violates 1) the *ex post facto* protections of both the U.S. and Indiana Constitution; 2) the Equal Protection Clause of the U.S. Constitution and the Equal Privileges and Immunities Clause of the Indiana Constitution; 3) the Eighth Amendment to the U.S. Constitution and Article I, § 16 of the Indiana Constitution; 4) Article I, § 18 of the Indiana Constitution; and 5) the Fourteenth Amendment Due Process Clause of the U.S. Constitution.

■ Whether a statute is constitutional on its face is a question of law. *State v. Moss–Dwyer*, 686 N.E.2d 109, 110 (Ind. 1997). Where the issue presented on appeal is a pure question of law, we review the matter *de novo. Id.*

### A. Ex Post Facto

■ The U.S. Constitution provides that "[n]o State shall ... pass any ... ex post facto Law." U.S. Const. art. I, § 10. Similarly, the Indiana Constitution provides that "[n]o *ex post facto* law ... shall ever be passed." Ind. Const. art. I, § 24 (emphasis in original). The *ex post facto* analysis is the same for both constitutional provisions. *Spencer v. O'Connor*, 707 N.E.2d 1039, 1042 (Ind.Ct.App.1999), *trans. denied.* The Ex Post Facto Clause prohibits a legislature from enacting any law that " 'imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " *Id.* (*quoting Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)). The inquiry focuses " 'not on whether a legislative change produces some sort of 'disadvantage,' ... but on whether any such change alters the definition of crimi-

nal conduct or increases a penalty by which a crime is punishable.' " *Id.* (omission in original) (*quoting California Dep't of Corrections v. Morales*, 514 U.S. 499, 506 n. 3, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)).

■ Teer claims that the serious violent felony statute violates the *ex post facto* prohibition "because it uses a felony which occurred prior to the enactment of the statute to punish and outlaw once legal conduct." Appellant's brief at 7. In addressing Teer's contention, we find our supreme court's analysis of the habitual offender statute [2] instructive. In *Funk v. State*, the defendant had been convicted for a theft that he committed in May 1979. 427 N.E.2d 1081, 1087 (Ind.1981). Under the habitual offender statute, Funk's sentence was enhanced for the May 1979 theft because of his prior crimes. *Id.* Although Funk had committed these prior crimes before the habitual offender statute went into effect, his sentence for the May 1979 theft was still constitutionally enhanced. Our supreme court reasoned that the penalty was imposed for the last crime committed, that is, the May 1979 theft. In other words, the State was not punishing Funk for the crimes he committed before the habitual offender statute became effective. *Id.* Therefore, inasmuch as Funk was punished for the May 1979 crime, *ex post facto* protections were not impinged.

Teer's circumstances are similar. In the instant case, Teer was charged for a crime, possession of a firearm by a serious violent felon, he committed on December 1, 1999. The statute criminalizing this act was substantially amended, recodified, and became effective on July 1, 1999. *See* I.C. § 35–47–4–5 (Lexis Supp.2000) (original version at I.C. § 35–47–4–4 (Lexis 1998) became effective on July 1, 1994). The serious violent felony statute addresses and governs Teer's conduct on December 1, 1999. The statute essentially prohibits the possession of a firearm by a serious violent

---

2. IND.CODE § 35–50–2–8, which became effective on October 1, 1977, permits a sentence enhancement based on two prior unrelated felony convictions.

felon; it neither re-punishes Teer for the 1996 crime he committed nor enhances the penalty for the 1996 crime. *See Spencer,* 707 N.E.2d at 1042. Accordingly, Teer's *ex post facto* challenge fails.

### B. Equal Privileges and Immunities

■ Teer next claims that the serious violent felon statute violates both the Equal Protection Clause of the Fourteenth Amendment and Article I, Section 23 of the Indiana Constitution. Initially, we observe that the rules of appellate procedure require that an appellant's argument "contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon." Ind. Appellate Rule 8.3(A)(7). However, Teer, focusing his contentions on Article I, Section 23, has failed to provide argument for a federal equal protection violation. Hence, Teer waives the equal protection argument. *Rondon v. State,* 711 N.E.2d 506, 512 (Ind.1999) ("Since Rondon did not develop a cogent Fourteenth Amendment argument as required by Ind. Appellate Rule 8.3(A)(7), we will discuss only his privileges and immunities claim under the Indiana Constitution.").

■ The Indiana Constitution provides, "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Ind. Const. art. I, § 23. This provision imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of people. First, the disparate treatment accorded by the legislation must be reasonably related to the inherent characteristics that distinguish the unequally treated classes. *Collins v. Day,* 644 N.E.2d 72, 80 (Ind.1994). Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. *Id.* In determining whether a statute complies

with Article I, Section 23, "courts must exercise substantial deference to legislative discretion." *Id.* The challenger carries the burden "to negative every reasonable basis for the classification." *Id.*

■ Teer argues that the serious violent felon statute unreasonably distinguishes "serious violent felons" from the general class of felons. Appellant's brief at 8. The distinction is unreasonable, he claims, because the statute defines a serious violent felon by listing twenty-six crimes rather than articulating a general definition. *See* I.C. § 35–47–4–5(b). Among these listed crimes is dealing in drugs, which Teer claims is not inherently violent. He also argues that the legislature omitted other violent crimes from the statute's reach that should have been included. For instance, Pointing a Firearm at Another Person[3] or Criminal Recklessness[4] as a D felony are crimes, both involving the use of deadly weapons, that were not deemed serious violent felonies. Appellant's brief at 9. The serious violent felons, he continues, are then treated disparately from the general class of felons. Appellant's brief at 8.

We note that " '[a] classification having some reasonable basis is not to be condemned merely because it is not framed with such mathematical nicety as to include all within the reason of classification and to exclude all others.' " *Collins,* 644 N.E.2d at 80 (alteration added) (*quoting Cincinnati, H. & D. Ry. Co. v. McCullom,* 183 Ind. 556, 561, 109 N.E. 206, 208 (1915)). Our legislature has decided to prohibit gun ownership by those who have committed a serious violent felony. The list of serious violent felonies contains crimes such as murder, rape, carjacking, stalking, and drug dealing among others. I.C. § 35–47–4–5(b). Because these crimes often involve violence, the legislature based its comprehensive list on a reasonable distinction. Accordingly, we cannot say that the legislature's method of

---

3. Ind.Code § 35–47–4–3.

4. Ind.Code § 35–42–2–2.

defining the class of serious violent felons violates the first element of the Article I, Section 23 test. Simply put, the serious violent felon statute's apparent lack of "mathematical nicety," that is, its omission of a few other arguably violent crimes, does not render it unconstitutional.

The second part of the Article I, Section 23 analysis requires that the statute uniformly apply to all similarly situated persons. *Id.* Teer has failed to provide any argument regarding this element, therefore, we need not address it. *See* App. R. 8.3(A)(7). In sum, Teer's equal privileges and immunities challenge fails.

### C. Vindictive Justice

■ Teer further contends that the serious violent felon statute violates Article I, Section 18 of the Indiana Constitution, which provides, "The penal code shall be founded on principles of reformation, and not vindictive justice." He argues that the statute's lack of a staleness time limit for the predicate felony renders it vindictive. Appellant's brief at 11. Article I, Section 18, though, "applies only to the penal code *as a whole* and does not protect fact-specific challenges." *Ratliff v. Cohn,* 693 N.E.2d 530, 542 (Ind.1998) (emphasis in original). Accordingly, Teer's challenge on vindictive justice grounds fails because he challenges one statute rather than the penal system as a whole.

### D. Substantive Due Process

■ Teer's final constitutional challenge to the statute rests on substantive due process grounds. Substantive due process prohibits state action that deprives one of life, liberty, or property without a rational basis for the deprivation. *Stewart v. Fort Wayne Community Schools,* 564 N.E.2d 274, 279 (Ind.1990). Article I, Section 32 of the Indiana Constitution grants "[t]he people . . . a right to bear arms, for the defense of themselves and the State." Our supreme court recognized that this right "is an interest in both liberty and property which is protected by the Fourteenth Amendment." *Kellogg v. City of Gary,* 562 N.E.2d 685, 694 (Ind.1990). Although handgun ownership is a liberty and property interest protectible under substantive due process, Teer has not shown that the deprivation in the instant case is without rational basis. Appellant's brief at 12 ("The legislature has provided no rational reason for denying certain convicted felons their right to bear arms for self-defense."). The legislature has prohibited gun ownership by a class of people who have demonstrated an ability to commit serious violent felonies. The legislative decision to prevent serious violent felons from possessing potentially deadly weapons cannot be said to be without rational basis. Hence, Teer's substantive due process challenge fails.

## II. Suppression of Evidence

In addition to constitutional challenges to the serious violent felon statute, Teer claims that the trial court should have suppressed the handgun pursuant to the Fourth Amendment exclusionary rule. The trial court articulated two reasons justifying the search: 1) the officers were permitted into the home and the object was in plain view; and 2) a protective sweep of the premises was permissible for officer safety. R. at 82–83.

■ When evaluating the propriety of a warrantless search under the Fourth Amendment of the U.S. Constitution, the reviewing court accepts the factual findings of the trial court unless they are clearly erroneous. *Brown v. State,* 653 N.E.2d 77, 81 (Ind.1995). Findings of facts are clearly erroneous when the record lacks any facts or reasonable inferences to support them. *State v. Hollins,* 672 N.E.2d 427, 430 (Ind.Ct.App.1996). When determining whether the findings are clearly erroneous, we will consider only the evidence most favorable to the judgment and the reasonable inferences flowing from that evidence. *Id.* We will not judge witness credibility or reweigh the evidence. *Id.*

We note that a warrantless search is presumed unreasonable unless the State meets the burden of showing that an exception to the warrant requirement applies. *Smith v. State*, 565 N.E.2d 1059, 1060 (Ind.1991). In *Reed v. State*, this court held that police officers may conduct a protective sweep inside a residence, even when they arrest a criminal suspect outside a residence. 582 N.E.2d 826, 828 (Ind.Ct.App.1991). To conduct this particular protective sweep, however, the police must "have articulable facts which support a reasonable belief that other persons may be inside the residence" and these other persons "may pose safety threats." *Id.*

The evidence adduced at trial showed that there were five other adults in the home at the time the police arrested Teer. R. at 303. Police officers also heard a dog barking, which turned out to be a pit bull. R. at 304. Though Teer points to testimony from one of the commanding officers that protective sweeps were routine no matter the circumstances, we conclude that Teer's argument is an invitation to reweigh the evidence. We decline Teer's invitation and determine that officer safety justified conducting a protective sweep inside the home.

### III. Teer's Sentence

#### A. Constitutionally Proportional

Teer also complains that his sentence was unconstitutionally disproportionate to the severity of the crime under Article I, Section 16 of the Indiana Constitution and the Eighth Amendment to the U.S. Constitution.[5]

We note that Article I, Section 16 of the Indiana Constitution provides, in part: "All penalties shall be proportioned to the nature of the offense." Determining the appropriate sentence for a crime is a function properly exercised by the legislature. *Steelman v. State*, 602 N.E.2d 152,

160 (Ind.Ct.App.1992). This court will not disturb the legislature's determination unless there is a showing of clear constitutional infirmity. *Id.* In other words, we will not set aside a legislatively sanctioned penalty because it might seem too severe. *Clark v. State*, 561 N.E.2d 759, 765 (Ind. 1990). Rather, a sentence may be unconstitutional by reason of its length, if it is so severe and entirely out of proportion to the gravity of offense committed as " 'to shock public sentiment and violate the judgment of a reasonable people.' " *Pritscher v. State*, 675 N.E.2d 727, 731 (Ind.Ct.App.1996) (*quoting Cox v. State*, 203 Ind. 544, 549, 181 N.E. 469, 472 (1932)).

The serious violent felon statute classifies possession of a firearm by a serious violent felon as a class B felony. Our legislature has determined that the presumptive sentence for a class B felony is ten years, with up to ten years added for aggravating circumstances and up to four years subtracted for mitigating circumstances. IND.CODE § 35–50–2–5. Such a sentencing range does not "shock public sentiment" or "violate the judgment of a reasonable people." *See Pritscher*, 675 N.E.2d at 731. Our legislature has prohibited those who have committed serious violent felonies from possessing firearms, presumably, to make it harder for them to continue committing other violent crimes. Consequently, we do not find that a sentencing range of six to twenty years is unconstitutionally disproportionate for possession of a firearm by a serious violent felon.

#### B. Sentencing Procedure

Teer also contends that his sentence of sixteen years incarceration was an abuse of discretion. Specifically, he contends that the trial court erred by 1) using an improper aggravating circumstance, 2) failing to take a mitigating circumstance into

---

5. Teer has waived any Eighth Amendment claim inasmuch as he has failed to present a cogent argument on federal constitutional grounds.

account, and 3) imposing a sentence that is manifestly unreasonable.

 We initially note that the determination of a sentence rests within the sound discretion of the trial court. *Smith v. State*, 718 N.E.2d 794, 801 (Ind.Ct.App. 1999), *trans. denied.* We will not revise a sentence unless it is manifestly unreasonable given the nature of the offense or the character of the offender. Ind. Appellate Rule 17(B)(1). In imposing a sentence, the trial court must do the following: 1) identify all significant aggravating and mitigating factors, 2) state the reasons why a circumstance is aggravating or mitigating, and 3) weigh the aggravating and mitigating factors to determine whether the aggravating circumstances offset the mitigating circumstances. Only one valid aggravating factor is needed to sustain an enhanced sentence. *Sherwood v. State*, 702 N.E.2d 694, 699 (Ind.1998). Criminal history is a valid aggravating factor. IND. CODE § 35–38–1–7.1(b)(2).

### 1. Improper Use of an Aggravating Circumstance

 In sentencing Teer, the trial court stated the following aggravating factor: "Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime." R. at 206. This factor applies only when the trial court considers imposing a sentence shorter than the presumptive sentence. *Montgomery v. State*, 694 N.E.2d 1137, 1142 (Ind.1998). Accordingly, to apply the factor, there must be evidence that the trial court considered imposing a sentence shorter than the presumptive term. *Blanche v. State*, 690 N.E.2d 709, 715 (Ind.1998). A survey of the sentencing hearing reveals no such consideration in Teer's case. *See* R. at 649–56. Therefore, the trial court improperly considered the "depreciate seriousness" factor.

 However, as Teer concedes, and we agree, that use of an improper aggravating factor does not invalidate a sentence if other valid aggravating factors exist. *Hackett v. State*, 716 N.E.2d 1273, 1278 (Ind.1999). In the instant case, Teer had a history of criminal conduct, including a 1996 conviction for manufacturing a controlled substance. R. at 176. He was placed on probation for the offense, but violated his probation and was rearrested on July 2, 1998. R. at 176. The court also found that Teer presented a high risk of flight because he had fled Arkansas to avoid serving a prison sentence. R. at 206. Furthermore, Teer had a criminal charge pending in Arkansas. R. at 206. In light of these aggravating circumstances, the trial court properly enhanced Teer's sentence.

### 2. Consideration of Mitigating Circumstances

 We note that the determination of whether a circumstance is mitigating is within the trial court's discretion, and the court is not obligated to explain why it does not find a circumstance mitigating. *Dunlop v. State*, 724 N.E.2d 592, 597 (Ind.2000). The trial court is not obligated to give the same weight to a proffered mitigating circumstance as the defendant does. *Thacker v. State*, 709 N.E.2d 3, 10 (Ind.1999). The trial court's determination of the proper weight to give an aggravating or mitigating circumstance is entitled to great deference and will be set aside only upon a showing of a manifest abuse of discretion. *Dunlop*, 724 N.E.2d at 597.

 Here, the court did not abuse its discretion in refusing to find the proffered circumstances mitigating. Teer claims that his decision to submit to the arrest peacefully should have been accorded mitigating status. However, Teer's submission to arresting authorities was an obligation, thus, it deserves no mitigating weight.

### 3. Manifestly Unreasonable

 Finally, Teer argues that imposition of the sixteen-year sentence was manifestly unreasonable. As noted above, the trial court found several aggravating factors, including the defendant's criminal history, probation violation, and pending charge in Arkansas. Based on these aggravating factors and lack of any significant mitigating factors, we cannot say that the trial court's imposition of the sixteen-year sentence was manifestly unreasonable.

### CONCLUSION

In conclusion, we determine that 1) the serious violent felon statute was not shown to violate the U.S. or Indiana Constitution; 2) the trial court did not err by refusing to suppress the handgun from evidence; and 3) the trial court committed no reversible error in sentencing Teer.

Judgment affirmed.

SHARPNACK, C.J., and VAIDIK, J., concur.