**Vincent E. HATCHETT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–0007–CR–295.**

Court of Appeals of Indiana.

Dec. 20, 2000.

Transfer Denied March 15, 2001.

Patricia Caress McMath, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant Vincent E. Hatchett ("Hatchett") appeals his convictions for unlawful possession of a firearm by a serious violent felon[1] as a Class B felony and carrying a handgun without a license[2] as a Class A misdemeanor. We affirm in part and remand in part.

### Issues

Hatchett raises five issues for review, which we restate as follows:

---

1. *See* IND.CODE § 35–47–4–5.

2. *See id.* §§ 35–47–2–1 (carrying a handgun prohibited), 35–47–2–23 (violations).

I. whether he was entitled to a bifurcated trial on his serious violent felon ("SVF") charge;

II. whether the punishment mandated by Indiana Code Section 35–47–4–5 ("the SVF statute") is disproportionate to the nature of the offense under Article I, Section 16 of the Indiana Constitution;

III. whether the SVF statute violates the privileges and immunities clause under Article I, Section 23 of the Indiana Constitution;

IV. whether his convictions and sentences violate the double jeopardy clause under Article I, Section 14 of the Indiana Constitution; and

V. whether the trial court relied on improper aggravating factors in imposing an enhanced sentence.

## Facts and Procedural History

On August 30, 1999, police arrested Hatchett after he chased fourteen-year-old L.W. outside her grandmother's apartment while carrying a handgun. The State charged Hatchett with unlawful possession of a handgun by a serious violent felon and with carrying a handgun without a license. At his bench trial, Hatchett stipulated to having a 1982 robbery conviction. The trial court found Hatchett guilty as charged and imposed a fourteen-year sentence on the SVF conviction, with five years thereof suspended, and a concurrent one-year executed sentence on the handgun conviction. The trial court also sen-

tenced Hatchett to three years of probation.

## Discussion and Decision

### I. Bifurcated Trial

Hatchett asserts that the SVF statute violates the Fifth and Sixth Amendments to the United States Constitution and Article I, Section 13 of the Indiana Constitution because it precludes bifurcation of the firearm possession charge from the serious violent felon determination.[3] Indiana Code Section 35–47–4–5 reads in relevant part as follows:

(a) As used in this section, "serious violent felon" means a person who has been convicted of:

(1) committing a serious violent felony in:

(A) Indiana; or

. . .

(2) attempting to commit or conspiring to commit a serious violent felony in:

(A) Indiana[.]

(b) As used in this section, "serious violent felony" means:

[list of twenty-six felonies, including murder, rape, robbery, and dealing in cocaine].

(c) A serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon, a Class B felony.

We first note that Hatchett has waived any claim under the federal constitution be-

3. Hatchett refers to the SVF determination as the "enhancement portion of the offense," perhaps equating unlawful firearm possession with unlawful handgun possession, which is punishable as either a Class A misdemeanor or a Class C felony. *See* IND.CODE § 35–47–2–23(c). We disagree with Hatchett's reasoning. Indiana Code Section 35–47–2–1 prohibits citizens at large from carrying handguns in public without a license, whereas the SVF statute prohibits serious violent felons from possessing firearms of any kind at any time. *Cf.* IND.CODE § 35–47–1–5 (defining "firearm" as "any weapon that is capable of or

designed to or that may readily be converted to expel a projectile by means of an explosion") (emphasis added); IND.CODE § 35–47–1–6 (defining "handgun" as any "firearm: (1) designed or adapted so as to be aimed and fired from one (1) hand, regardless of barrel length; or (2) any firearm with: (A) a barrel less than sixteen (16) inches in length; or (B) an overall length of less then twenty-six (26) inches"). Thus, we conclude that the SVF statute defines a crime separate and distinct from carrying a handgun without a license and cannot be considered an enhancement thereof.

cause he provides no authority regarding any applicable principles and offers no substantive analysis or argument. *See Dunlop v. State,* 724 N.E.2d 592, 596 n. 6 (Ind.2000) (citing, *inter alia,* Ind. Appellate Rule 8.3(A)(7)). More dispositively, Hatchett has waived consideration of this issue because he failed to object to the lack of bifurcated proceedings at trial. *See Nasser v. State,* 727 N.E.2d 1105, 1108–09 (Ind.Ct.App.2000) (waiving appellant's argument that he was entitled to bifurcated proceedings for a driving while suspended charge where he failed to "object to the nature of the proceedings"), *trans. denied;*[4] *see also Robles v. State,* 705 N.E.2d 183, 187 (Ind.Ct.App.1998) ("Additionally, we have determined that a party may not sit idly by, permit the court to act in a claimed erroneous[5] matter, and then attempt to take advantage of the alleged error at a later time.") (citation omitted).

## II. Disproportionate Sentence

Hatchett also contends that the B felony classification of the SVF statute constitutes punishment disproportionate to the severity of the offense in violation of Article I, Section 16 of the Indiana Constitution. We recently addressed this issue in *Teer v. State,* 738 N.E.2d 283 (Ind.Ct.App. 2000), *trans. pending:*

Determining the appropriate sentence for a crime is a function properly exercised by the legislature. This court will not disturb the legislature's determination unless there is a showing of clear

4. *See Nasser,* 727 N.E.2d at 1109 n. 2 (reserving question of "whether a defendant is entitled to a bifurcated proceeding with regard to a previous adjudication for an infraction when he makes a specific and timely request for such a proceeding").

5. We recognize that appellate courts "may address issues that were not preserved if they constitute fundamental error," that is, " 'a substantial and blatant violation of basic principles which rendered the result of the trial unfair.' " *Miller v. State,* 716 N.E.2d 367, 370 (Ind.1999) (citation omitted). Here, however, Hatchett does not raise the issue of fundamental error, but rather the constitutionality of the SVF statute. In any event, with respect

constitutional infirmity. In other words, we will not set aside a legislatively sanctioned penalty because it might seem too severe. Rather, a sentence may be unconstitutional by reason of its length, if it is so severe and entirely out of proportion to the gravity of the offense committed as " 'to shock public sentiment and violate the judgment of a reasonable people.' "

The serious violent felon statute classifies possession of a firearm by a serious and violent felon as a class B felony. Our legislature has determined that the presumptive sentence for a class B felony is ten years, with up to ten years added for aggravating circumstances and up to four years subtracted for mitigating circumstances. IND.CODE § 35–50–2–5. Such a sentencing range does not "shock public sentiment" or "violate the judgment of a reasonable people." Our legislature has prohibited those who have committed serious violent felonies from possessing firearms, presumably, to make it harder for them to continue committing other violent crimes. Consequently, we do not find that a sentencing range of six to twenty years is unconstitutionally disproportionate for possession of a firearm by a serious violent felon.[6]

*Id.* at 290 (citations omitted). We agree with the *Teer* court's reasoning and reject Hatchett's argument.

to Hatchett's contentions that both the name and nature of SVF proceedings are inherently prejudicial, we presume in criminal bench trials that the court rendered its decision "solely on the basis of relevant and probative evidence." *Griffin v. State,* 698 N.E.2d 1261, 1267 (Ind.Ct.App.1998), *trans. denied.* "We presume that evidence, which might be inadmissible and prejudicial when placed before a jury, is disregarded by the court when making its decision. Unless the defendant presents evidence to the contrary, we presume no prejudice." *Birdsong v. State,* 685 N.E.2d 42, 47 (Ind.1997) (citations omitted).

6. Teer was sentenced to sixteen years for his SVF conviction. *See* 738 N.E.2d at 286.

### III. Privileges and Immunities

Hatchett next asserts that the SVF statute violates the equal protection clause of the United States Constitution and the privileges and immunities clause of the Indiana Constitution "because it creates and separates a class of individuals and treats them disparately without a rational reason for such distinction." Appellant's Brief at 9. Again, Hatchett has waived any federal constitutional claim by failing even to cite the Fourteenth Amendment, let alone make a separate argument with respect thereto. *See Dunlop,* 724 N.E.2d at 596 n. 6. With respect to his state constitutional claim, we turn once more to our decision in *Teer:*

> The Indiana Constitution provides, "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." IND. CONST. art. I, § 23. This provision imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of people. First, the disparate treatment accorded by the legislation must be reasonably related to the inherent characteristics that distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. In determining whether a statute complies with Article I, Section 23, "courts must exercise substantial deference to legislative discretion." The challenger carries the burden "to negative every reasonable basis for the classification."

738 N.E.2d at 288 (citations omitted).

■ Hatchett contends that "[t]here is no rational basis consistent with the inherent characteristics of the class for creating a separate group of people singled out for unequal treatment." Appellant's Brief at 11. He further notes that "[t]here are crimes strikingly similar to those enumerated in the statute [e.g., pointing a firearm,[7] criminal recklessness,[8] and involuntary manslaughter[9]] which are easily deemed 'serious violent felonies[,'] but are not included as qualifying felonies." *Id.*

> We note that "'[a] classification having some reasonable basis is not to be condemned merely because it is not framed with such mathematical nicety as to include all within the reason of classification and to exclude all others.'" Our legislature has decided to prohibit gun ownership by those who have committed a serious violent felony. The list of serious violent felonies contains crimes such as murder, rape, carjacking, stalking, and drug dealing among others. Because these crimes often involve violence, the legislature based its comprehensive list on a reasonable distinction. Accordingly, we cannot say that the legislature's method of defining the class of serious violent felons violates the first element of the Article I, Section 23 test. Simply put, the serious violent felon statute's apparent lack of "mathematical nicety," that is, its omission of a few other arguably violent crimes, does not render it unconstitutional.

*Teer,* 738 N.E.2d at 288–89 (citations omitted). Like Teer, Hatchett fails to address the second prong of the privileges and immunities analysis regarding uniform application of the SVF statute to all similarly situated persons; thus, we need not address his argument further. *See id.* at 289 (citing App. R. 8.3(A)(7)).

### IV. Double Jeopardy

■ Hatchett argues that his convictions for carrying a handgun without a license and unlawful possession of a firearm by a serious violent felon were based on the same evidentiary facts in violation of Indiana double jeopardy principles. "To show that two challenged offenses con-

---

7. *See* IND.CODE § 35–47–4–3.

8. *See id.* § 35–42–2–2.

9. *See id.* § 35–42–1–4.

stitute the same offense under the actual evidence test of the Indiana Double Jeopardy Clause,[10] the defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Lundberg v. State,* 728 N.E.2d 852, 854 (Ind.2000) (citing, *inter alia, Richardson v. State,* 717 N.E.2d 32, 53 (Ind.1999)).

To convict a person of carrying a handgun without a license, the State must prove that he carried a handgun "in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business" without a license. *See* IND. CODE § 35–47–2–1.[11] To convict a person under the SVF statute, the State must prove that he was convicted of committing, attempting to commit, or conspiring to commit a serious violent felony and "knowingly or intentionally possess[ed] a firearm." *See* IND .CODE § 35–47–4–5. At trial, three eyewitnesses stated that they saw Hatchett chasing L.W. while carrying a handgun. At the conclusion of the evidence, the trial court stated, "I, I believe that the witnesses that said they saw you with a gun are believable and credible, and that results in a finding of guilty as to the possession of the handgun charge. And the enhancement, based upon your admis-

sion [to having a 1982 robbery conviction], which I respect, results in a finding as to guilty as to [the SVF charge]." Record at 264. Thus, there is a reasonable possibility that the evidence used to establish that Hatchett carried a handgun without a license was also used to establish that he unlawfully possessed a firearm as a serious violent felon.[12]

The State urges us to remand this issue to the trial court for factual findings because "reasonable possibility" is "an intensely factual determination" best made by the tribunal that viewed all the evidence. Appellee's Brief at 13. Our supreme court has not adopted a standard of review for reasonable possibility in double jeopardy cases. *See Spears v. State,* 735 N.E.2d 1161, 1166 (Ind.2000) ("Although we have not expressly ruled on the standard of review in double jeopardy cases, we have frequently treated reasonable possibility as a matter of law for de novo review by the appellate courts.") (citations omitted). However, de novo review is appropriate even where a trial court has made no factual finding as to "reasonable possibility."[13] *See id.* Upon reviewing the record before us, we conclude that there is a reasonable possibility that the trial court used the same evidentiary facts to establish the essential elements of both offenses. Therefore, we remand to the trial court with instructions to vacate Hatchett's

---

10. *See* IND. CONST. art. I, § 14.

11. *See also Harris v. State,* 716 N.E.2d 406, 411 (Ind.1999) (noting that "once the State proves that the defendant carried a handgun on or about his person, away from his dwelling or business, the burden shifts to the defendant to establish that he possessed a valid license"); IND.CODE § 35–47–2–24(a) (placing such burden on defendant).

12. At trial, Officer Steven Hartenstein of the Indianapolis Police Department testified that he recovered the handgun from the ground at the feet of Hatchett and his brother Darryl, who was also arrested and charged with carrying a handgun without a license and pointing a firearm. *See* record at 109. Although this evidence might have raised the issue of a separate act of constructive possession, which might in turn have served as the basis for only

one of Hatchett's convictions, the trial court's comments clearly indicate that it based both convictions on Hatchett's act of chasing L.W. while carrying a handgun.

13. The State's suggestion that we should reconsider our supreme court's reasoning in *Spears* is not well taken, given that we are bound to follow the precedents it establishes. *See Patton v. State,* 507 N.E.2d 624, 626 (Ind. Ct.App.1987), *trans. denied.* We further note that the State appears to refer to the presence of a jury in this case, despite the fact that Hatchett was tried to the bench. *See* Appellee's Brief at 15 ("The trial judge had the opportunity to hear witnesses and to determine their credibility, and to determine which facts the jury found most compelling.").

conviction and sentence for carrying a handgun without a license.[14]

## V. Improper Sentencing Aggravators

Finally, Hatchett asserts that the trial court considered improper aggravating factors in imposing an enhanced sentence. At the sentencing hearing, the trial court made the following comments:

Everyone is troubled Mr. Hatchett by the situation that was presented. What the State's attorney has to say is very true and we're all lucky, you especially, that what he said was a possibility, did not result. You appear to be a reasonably intelligent individual. I've looked over the PSI [pre-sentence investigation] and I know you had some difficult moments as a child and I think you are attempting to not pass those on to your children. That being said, alcohol, guns, threats, only bad things can happen. The legislature has enacted specific provisions for individuals who have a previous felony. The bottom line is you have no business in possession of a firearm, no business at all and coupled with what you say is a lifelong drinking problem. It's one thing to deal with an alcoholic problem, it's another thing to have a weapon. I have no problem with the evidence that more than three people were certain there was a weapon, chasing and threats. And I know it's classic these days well, I was intoxicated so it doesn't really matter but it certainly would have mattered if you'd fallen and the gun discharged and that child was wounded or worse. We're talking about deterrence here. I'm not unmindful of what I will put on the record as some mitigation here. I'm also going to give you the opportunity in some fashion to address what you say are the alcohol problems that are here. You are going to be after this matter is concluded one step away from habitual offender. In this case, it would have been an additional ten to thirty years mandatory consecutive. The legislature is telling you to stop what you're doing because you're relatively young. The next time you're going to be an old man when you finish jail time and none of us want that to happen. The aggravating factors that Mr. Hatchett brings is the history of criminal delinquent activity he has. The reality of it is since he did get sentenced in 1982 for a B felony Robbery has not had that level of felony activity, which is in your favor. It's unfortunate that with that history that you've brought yourself back to this B felony exposure again. There were three juvenile arrests and two prior true findings and one of those would have been, one was offenses against property which is the old Shoplifting and one is a Theft charge. So, that's one felony as an adult as a juvenile, as if an adult. There have been nine adult arrests that's resulted in four convictions and one prior felony which was the 1982 Robbery that we've been discussing here. The second aggravator is the need for corrective activity and the third is imposing a reduced sentence would depreciate the seriousness of the crime. You will, as mitigating factors Mr. Hatchett have it noted that imprisoning you would result in undue hardship to your dependants. As a mitigating factor I'll also include that you appear after the trial to be remorseful and I'm not saying that in terms of being face-

14. The State baldly asserts that Hatchett was not punished twice for the same offense because his sentences are concurrent. By failing to cite authority in support of this assertion, the State has waived consideration of this argument. *See Goad v. State*, 516 N.E.2d 26, 28 (Ind.1987) (mentioning App. R. 8.3(A)(7)). Moreover, our supreme court has stated that "dual *convictions* cannot stand if a defendant 'demonstrate[s] a reasonable possibility that the evidentiary facts used by the fact-finder to establish elements of one offense may also have been used to establish the essential elements of a second challenged offense.'" *Wise v. State*, 719 N.E.2d 1192, 1201 (Ind.1999) (quoting *Richardson*, 717 N.E.2d at 53) (emphasis added).

tious. I think you are remorseful. You indicated in the PSI that alcohol is the reason that you've put your life and your loved ones' future in jeopardy here and you did stipulate to the prior felony at the time, which I take to be some degree of admission of wrongfulness. I think in this situation these factors outweigh the mitigating factors and that would result in what's known as an enhanced sentence. The presumptive is ten. Aggravating factors outweighing the mitigating factors the Court is going to impose fourteen years and that will be a Department of Corrections sentence. Now, probation advised against any probation at all based upon some alcoholic failures and the truth of it is just this very morning gentlemen, a woman stopped me from a sentence three years ago and she said thanks for giving my boy a chance to prove himself. What I'm going to do is give Mr. Hatchett an opportunity to not have to serve the whole sentence if he's going to address the alcohol problem in a responsible fashion. Five of the fourteen years will be suspended, as to Count One, the B felony. Count Two, the Carrying a Handgun charge as a Class A misdemeanor will be three hundred sixty[-]five days with no time suspended. I'm going to order that to be served concurrently with Count One.

Record at 280–84. Among the conditions of his three-year probation, the trial court ordered Hatchett to undergo alcohol abuse evaluation and treatment, including random testing.

"Sentencing decisions rest within the discretion of the trial court, and we review such decisions only for an abuse of discretion." *Sherwood v. State*, 702 N.E.2d 694, 699 (Ind.1998). Indiana Code Section 35–38–1–7.1 governs the use of aggravating and mitigating factors and enumerates specific factors that a court may consider while sentencing. *See Ajabu v. State*, 722 N.E.2d 339, 343 (Ind.2000). "In enhancing a sentence, the court should '1) identify the significant aggravators and mitigators, 2) relate the specific facts and reasons which lead the court to find those aggravators and mitigators, and 3) demonstrate it has balanced the aggravators against the mitigators in reaching its sentence.'" *Id.* (citation omitted).

Hatchett contends that the trial court erred in considering his criminal history as an aggravating factor, specifically with respect to his 1982 robbery conviction. We agree with Hatchett that "[a] factor constituting a material element of a crime cannot be considered an aggravating circumstance in determining sentence." *Johnson v. State*, 687 N.E.2d 345, 347 (Ind. 1997). However, the remainder of Hatchett's criminal and delinquent history is a valid aggravating factor that the trial court could have considered in imposing sentence. *See* IND.CODE § 35–38–1–7.1(b)(2). Hatchett's PSI lists three juvenile adjudications, including a true finding for theft. As an adult, Hatchett was convicted of resisting law enforcement, indecent exposure,[15] and operating a vehicle while intoxicated. Aside from Hatchett's robbery conviction, we conclude that the trial court properly considered his criminal and delinquent history as an aggravating factor.

Hatchett also takes issue with the trial court's finding as an aggravating factor that he was in need of "corrective activity." *See* IND.CODE § 35–38–1–7.1(3) ("The person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility."). "[F]or this aggravator to support an enhanced sentence, the court must give a specific and individualized rea-

---

15. The trial court's statement that Hatchett's criminal record contained four adult convictions appears to be based on the PSI's summary of his criminal orientation, which lists a separate conviction for public indecency. However, the PSI's prior legal history section indicates that in 1998 Hatchett was charged with and convicted of one count of "Public Indecency; Indecent Exposure," which is the likely source of the discrepancy. The elements of both crimes are listed in Indiana Code Section 35–45–4–1.

son why the defendant is in need of correctional treatment *that can best be provided by a period of incarceration in excess of the presumptive sentence.*" *Ajabu,* 722 N.E.2d at 343 (emphasis added). We agree with Hatchett that the trial court's references to his alcohol problem did not comply with this requirement and that the court improperly considered his need for "corrective activity" as an aggravating factor. We likewise agree with Hatchett that the trial court improperly considered as an aggravating factor that "imposing a reduced sentence would depreciate the seriousness of the offense," where there was no indication that the court was considering imposing a sentence shorter than the presumptive term. *See id.* ("[T]he aggravator cannot be used to justify an enhanced sentence, but may only be used when the judge considers imposing a sentence shorter than the presumptive one."); *see also* IND.CODE § 35–38–1–7.1(4).

 "A single aggravating circumstance may be sufficient to enhance a sentence. When a trial court improperly applies an aggravator but other valid aggravating circumstances exist, a sentence enhancement may still be upheld." *Hackett v. State,* 716 N.E.2d 1273, 1278 (Ind. 1999) (citations omitted).[16] Hatchett cautions us that because the trial court's reliance on invalid factors "could affect the balance between the aggravating and mitigating factors, the case should be remanded to the trial court for reconsideration of the sentence." Appellant's Brief at 14. We agree, especially since the trial court erroneously considered Hatchett's robbery conviction in evaluating his criminal and delinquent history. In *Angleton v. State,* 686 N.E.2d 803 (Ind.1997), the trial court found two proper mitigating factors and three aggravating factors, two of which the supreme court determined to be improper: "Because we cannot say

with confidence that the sentencing judge would weigh this aggravator against these two mitigators in the same manner as he weighed the three aggravators, two of which were improper, against the two mitigators, we remand for a new sentencing hearing." *Id.* at 817. Accordingly, we remand to the trial court for a new sentencing hearing so that it may reweigh the single remaining aggravator against the two mitigators.

In summary, we affirm Hatchett's conviction for unlawful possession of a firearm by a serious violent felon and remand with instructions to vacate Hatchett's conviction for carrying a handgun without a license and to conduct a new sentencing hearing.

Affirmed in part and remanded in part.

BAKER, J., and BARNES, J., concur.

---

16. The *Hackett* court also points out the distinction between those sentencing arguments based on improper aggravators and mitigators and those based on the "manifestly unreasonable" doctrine of Indiana Appellate Rule 17(B). *See* 716 N.E.2d at 1276 n. 1 ("As many of our opinions highlight, the two are different inquiries with different standards."). Here, Hatchett bases his argument strictly on the former, and we address only this claim on appeal.