**Michael Ray MINTON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 48A02–0301–CR–22.**

Court of Appeals of Indiana.

Jan. 29, 2004.

Transfer Denied March 19, 2004.

Patrick R. Ragains, Smith & Ragains, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

A jury found Michael Ray Minton guilty of three counts of child molesting,[1] each as a Class B felony, one count of child molesting as a Class A felony, and one count of

1. *See* IC 35–42–4–3(a).

sexual misconduct with a minor[2] as a Class B felony. After trial, he also admitted to being a habitual offender.[3] Minton now appeals raising the following issues:

I. Whether a 1993 amendment to IC 35–41–4–2, which extended the five-year limitation period for prosecuting the offense of child molesting, violates the Ex Post Facto Clauses of the United States Constitution and the Indiana Constitution, thus barring Minton's prosecution under Counts I, II, and III for crimes committed more than five years before they were prosecuted.

II. Whether the same 1993 amendment to IC 35–41–4–2 violates the Privileges and Immunities Clause under Article 1, Section 23 of the Indiana Constitution by creating a different limitation period for prosecuting sex offenses committed against children.

III. Whether Minton's multiple convictions for child molesting violate the prohibition against double jeopardy found under Article 1, Section 14 of the Indiana Constitution.

We affirm.

## FACTS AND PROCEDURAL HISTORY

S.F. was born in April 1985, and, for the first ten years of her life, mistakenly thought that Minton was her biological father.[4] S.F. did not live with Minton, but visited him on a regular basis during most of her childhood.

In March 2001, Minton was charged in a multi-count information, amended in June 2002, with molesting S.F. from the time she was in first grade through the summer of her eighth grade year. Count I alleged that, in violation of IC 35–42–4–3(a), "[o]n or between 1992 and 1993," in Madison County, Indiana, "MICHAEL RAY MINTON AKA MICHAEL JAMES BASS AKA MICHAEL RAY BASS AKA MICHAEL RAY HAMPTON AKA MICHAEL JAMES, being a person at least twenty-one (21) years of age, did with [S.F.,] a child under the age of fourteen years, ... submit to Sexual Deviate Conduct, to-wit: fellatio."[5] *Appellant's Appendix* at 50. Count II alleged the same offense but changed the time frame to "[o]n or between January, 1993, and December, 1993." *Id.* at 50–51. In Count III, the State alleged that "[o]n or between 1994 and March, 1996," with a child under the age of fourteen, Minton performed or submitted to "Sexual Deviate Conduct, to-wit: fellatio and/or cunnilingus, and/or conduct constituting a substantial step toward the penetration of the anus of [S.F.] by the penis of [Minton], and/or conduct constituting a substantial step toward sexual intercourse." *Id.* at 51. Count IV asserted that, in violation of IC 35–42–4–3(a)(1), "[o]n or between November, 1998 and April 8, 1999," with a child under the age of fourteen, Minton performed or submitted to "Sexual Deviate conduct, to-wit: fellatio and/or cunnilingus, and/or the penetration of the vagina of [S.F.] by the finger of [Minton,] and/or conduct consti-

---

2. *See* IC 35–42–4–9(a)(1).

3. *See* IC 35–50–2–8(a).

4. Minton alleges that the State failed to prove S.F.'s age. However, based on S.F.'s testimony during the August 2002 trial that she was seventeen years old and would turn eighteen in April of the following year, the evidence revealed that S.F. was born in April 1985.

5. At the time of his trial, Minton was using the surname of his biological father and was known as Michael Harrington.

tuting a substantial step toward sexual intercourse." *Id.* at 52. Finally, Count V alleged that "[o]n or between April 8, 1999 and the summer of 2000," Minton committed sexual misconduct with a minor, in violation of IC 35–42–4–9. This count charged Minton with performing or submitting to "Sexual Deviate Conduct, to wit: fellatio and/or conduct constituting a substantial step toward sexual intercourse" with S.F., as a child who was at least fourteen years of age. *Id.* at 53.

At trial S.F. testified concerning the various acts that constituted Minton's crimes. Because of her young age when the molesting began, S.F.'s testimony at trial referred not to dates and addresses but, instead, to her grade in school and the house in which the molesting occurred. The jury returned a guilty verdict on each of the five counts and, after the jury was excused, Minton admitted to being a habitual offender. Minton now appeals his convictions. Additional facts will be added as necessary.

## DISCUSSION AND DECISION

■ Minton first challenges the constitutionality of IC 35–41–4–2, as amended in 1993, claiming that the limitation period under the statute violates: (1) the Ex Post Facto Clauses of both the United States Constitution and the Indiana Constitution; and (2) the Privileges and Immunities Clause of the Indiana Constitution. Whether a statute is constitutional is a question of law that we review de novo. *Teer v. State*, 738 N.E.2d 283, 287 (Ind.Ct. App.2000), *trans. denied* (2001) (citing *State v. Moss–Dwyer*, 686 N.E.2d 109, 110 (Ind.1997)).

### I. Ex Post Facto

■ The 1993 amendment to IC 35–41–4–2 extended the limitation period for prosecuting the crime of child molesting from five years after the commission of the crime to any date before the alleged victim's thirty-first birthday. Minton asserts that the statute as amended violates the Ex Post Facto Clauses of both the United States Constitution and the Indiana Constitution. Specifically, he argues that the State is barred from prosecuting him for child molesting under Counts I, II, and III because the offenses were alleged to have been committed during the years 1992 through 1996—more than five years before the commencement of his 2001 prosecution. Prior to trial, Minton's counsel made a motion to dismiss Counts I, II, and III on this basis. The trial court denied Minton's motion.

Article I, § 10 of the United States Constitution prohibits the States from enacting laws with certain retroactive effects.[6] *Stogner v. California*, —— U.S. ——, ——, 123 S.Ct. 2446, 2449, 156 L.Ed.2d 544 (2003). Similarly, the Indiana Constitution provides, " 'No ex post facto law ... shall ever be passed.' " *Marley v. State*, 747 N.E.2d 1123, 1130 (Ind.2001) (quoting IND. CONST. art. 1, § 24); *Culbertson v. State*, 792 N.E.2d 573, 578 (Ind.Ct.App.2003), *trans. denied*. Our court has noted that the ex post facto analysis is the same under both the Indiana and federal constitutions. *Culbertson*, 792 N.E.2d at 578; *Wiggins v. State*, 727 N.E.2d 1, 5 (Ind.Ct. App.2000), *trans. denied* (citing *Spencer v. O'Connor*, 707 N.E.2d 1039, 1042 (Ind.Ct. App.1999), *trans. denied*).

■ The ex post facto provisions prohibit States from enacting any law that

---

**6.** The federal constitution in part provides, "No State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obli-

gation of Contracts, or grant any Title of Nobility." U.S. CONST. art. I, § 10.

imposes a punishment for an act that was not punishable at the time it was committed or that imposes additional punishment to that which was then prescribed. *Culbertson,* 792 N.E.2d at 578; *Teer,* 738 N.E.2d at 287; *Wiggins,* 727 N.E.2d at 5; *Spencer,* 707 N.E.2d at 1042. The focus of the ex post facto inquiry is not whether a legislative change produced a disadvantage for the defendant but, instead, whether such change altered the definition of criminal conduct or increased the penalty by which a crime is punishable. *Culbertson,* 792 N.E.2d at 579; *Wiggins,* 727 N.E.2d at 5.

Prior to the 1993 amendment, IC 35–41–4–2 provided in pertinent part as follows:

> Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced: (1) within five (5) years after the commission of a Class B, Class C, or Class D felony; . . . .

Public Law 232–1993, SECTION 3, amended IC 35–41–4–2 to add the following:

> (c) A prosecution for the following offenses is barred unless commenced before the date that the alleged victim of the offense reaches thirty-one (31) years of age:
> (1) IC 35–42–4–3(a) (Child molesting).
> (2) IC 35–42–4–5 (Vicarious sexual gratification).
> (3) IC 35–42–4–6 (Child solicitation).
> (4) IC 35–42–4–7 (Child seduction).
> (5) IC 35–46–1–3 (Incest).

Public Law 232–1993, which became effective July 1, 1993, contained a non-code provision restricting the application of amended IC 35–41–4–2 "to crimes committed after June 30, 1988." P.L. 232–1993, SEC 4. This restriction prevented the amended statute of limitation from applying to offenses for which the limitation period had already run. Therefore, the amended law did not constitute an ex post facto law because it neither imposed a punishment for an act that was not punishable at the time, nor imposed an additional punishment to that which was then prescribed.

Minton cites *Stogner v. California* to support his argument that IC 35–41–4–2 violates the prohibition against ex post facto laws. In *Stogner,* the United States Supreme Court reversed the defendant's sex-related child abuse conviction on the basis that an amendment to the California statutes of limitation violated the federal Ex Post Facto Clause by allowing the defendant to be prosecuted for an offense committed beyond the old limitation period. Our case is distinguishable.

In *Stogner,* the amended statute *revived* the defendant's previously time-barred prosecution. Here, the statute of limitation for Minton's offenses had not yet run when the 1993 amendment extended the time period for prosecution. Even the *Stogner* court approved the amendment of a limitation period in this context. *See Stogner,* —— U.S. at ——, 123 S.Ct. at 2453 (citing with approval decisions where courts upheld extensions of *unexpired* statutes of limitation).

Our appellate courts have repeatedly noted:

> Statutes of limitation pertain to the remedy and not to substantive civil rights. There can be no vested right in a remedy or mode of procedure. The accused in a criminal case cannot claim that the period prescribed by law in which a prosecution shall be begun shall remain the same as when the crime was committed. The period of limitation is granted in the grace of the sovereign and may be enlarged or contracted or altogether taken away, provided the ac-

cused is not entitled to go acquit before the subsequent law is enacted.

*Streepy v. State,* 202 Ind. 685, 687–88, 177 N.E. 897, 898 (1931) (citations omitted); *see also Wallace v. State,* 753 N.E.2d 568, 569 n. 1 (Ind.2001); *Greichunos v. State,* 457 N.E.2d 615, 616 (Ind.Ct.App.1983). Accordingly, the extension of the limitation period under IC 35–41–4–2 does not violate the state or federal Ex Post Facto Clauses.

Here, the offenses alleged in Counts I, II, and III were committed in a time period covering the years 1992 through 1996. Under IC 35–41–4–2, as amended, the State had until S.F.'s thirty-first birthday to bring charges. Because Minton was charged with these offenses in March 2001, when S.F. was fifteen years old, his prosecution for these offenses was not barred.

## II. Privileges and Immunities

■ Minton next alleges that IC 35–41–4–2, as amended in 1993, violates the Privileges and Immunities Clause in Article I, Section 23 of the Indiana Constitution. He submits that this statute violates the principle that all criminal defendants are to be treated fairly and equally under the Indiana Constitution. *Appellant's Brief* at 9. "Courts must exercise substantial deference to legislative discretion when determining whether a statute complies with Article I, Section 23." *Cowart v. State,* 756 N.E.2d 581, 583 (Ind.Ct.App. 2001), *trans. denied* (2002); *Teer,* 738 N.E.2d at 288.

■ Article 1, Section 23 of the Indiana Constitution, provides, "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." In reviewing an alleged violation of the Privileges and Immunities Clause, we employ the two-part test established by our supreme court in *Collins v. Day,* 644 N.E.2d 72 (Ind.1994). First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics that distinguish the unequally treated classes, and, second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. *Collins,* 644 N.E.2d at 80. Minton argues that a classification, which provides a five-year statute of limitation for some felonies while providing a longer limitation period for sex-related felonies against children, violates Article I, Section 23 of the Indiana Constitution.[7]

■ The burden is on the party challenging the statute " 'to negative every conceivable basis which might have supported the classification.' " *Humphreys v. Clinic for Women, Inc.,* 796 N.E.2d 247, 254 (Ind.2003) (quoting *Johnson v. St. Vincent Hosp.,* 273 Ind. 374, 392, 404 N.E.2d 585, 597 (1980)); *Teer,* 738 N.E.2d at 288. Minton fails to negative any of the conceivable bases that might support the classification of allowing a longer prosecution period for certain sex-related offenses against children. Instead, he focuses on the prejudice that a delay in prosecution creates for such defendants. The State, by contrast, offers the justification that the longer limitation period is necessary to allow a child to recover repressed memories caused by the trauma of having been sexually molested by an adult. *Appellee's Brief* at 8.

---

7. Under IC 35–41–4–2 a prosecution for a Class A felony may commence at any time. IC 35–41–4–2(c). The prosecution for most Class B, Class C, and Class D felonies may commence within five years after the commission of the offense. IC 35–41–4–2(a)(1). Nevertheless, the prosecution for certain sex-related offenses against children may be brought until the victim reaches the age of thirty-one. IC 35–41–4–2(e).

Legislative classification becomes a judicial question only where the lines drawn appear arbitrary or manifestly unreasonable. *Person v. State,* 661 N.E.2d 587, 593 (Ind.Ct.App.1996). "Indiana has a well-established policy to protect the welfare of children." *Cowart,* 756 N.E.2d at 584 (citing *State v. J.D.,* 701 N.E.2d 908, 910 (Ind.Ct.App.1998), *trans. denied*). Accordingly, we cannot say that the legislature's classification that provides a wider window of opportunity to prosecute those who commit sex offenses against children violates the first element of the *Collins* test.

The second part of the *Collins* analysis requires that the statute uniformly apply to all similarly situated persons. *Collins,* 644 N.E.2d at 79. Minton has failed to provide any argument regarding this element; therefore, we do not address it. *See Teer,* 738 N.E.2d at 289. In sum, Minton's privileges and immunities challenge fails.

### III. Double Jeopardy

Minton lastly argues that his convictions under Counts I and II and under Counts IV and V constitute two violations of the Double Jeopardy Clause of the Indiana Constitution.[8] That Clause provides in relevant part, "No person shall be put in jeopardy twice for the same offense." IND. CONST. art. 1, § 14.

In *Richardson v. State,* 717 N.E.2d 32 (Ind.1999), our supreme court articulated a test for evaluating double jeopardy challenges arising under the Indiana Constitution. *Peckinpaugh v. State,* 743 N.E.2d 1238, 1242 (Ind.Ct.App. 2001), *trans. denied.* In *Richardson,* the

court concluded that two convictions may be the "same offense" in violation of the Indiana Double Jeopardy Clause if, "with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson,* 717 N.E.2d at 49 (emphasis in original).

Minton argues that his convictions under Counts IV and V violate the prohibitions against double jeopardy. Count IV of the amended information alleged that "[o]n or between November, 1998 and April 8, 1999," Minton did with S.F., a child under the age of fourteen, perform or submit to sexual deviate conduct. *Appellant's Appendix* at 52. Count V alleged that "[o]n or between April 8, 1999 and the summer of 2000" Minton did with S.F., a child at least fourteen (14) years of age, perform or submit to sexual deviate conduct. *Id.* at 52–53. Focusing on the overlap of the April 8, 1999 date, Minton alleges that his convictions for these two counts constitute double jeopardy.

We readily dispense with this argument. While the date of April 8, 1999 is alleged in each count, the offenses charged in the separate counts are different. In Count IV, the State alleged that Minton committed child molesting. Under IC 35–42–4–3, a conviction for child molesting requires the State to prove, as one of the elements, that S.F. was a child under the age of fourteen. Count V alleged Minton committed sexual misconduct with a minor under IC 35–42–4–9. While age is also an element of this crime, in contrast to child

---

**8.** The heading in Minton's Brief alleges a double jeopardy violation under both the state and federal constitutions. Nevertheless, Minton focuses exclusively on the Indiana Constitution and fails to provide an independent double jeopardy argument under the United

States Constitution. Failure to independently argue under the federal constitution waives that argument on appeal. *See Clenna v. State,* 782 N.E.2d 1029, 1032 n. 2 (Ind.Ct.App. 2003); *Teer,* 738 N.E.2d at 288; Ind. Appellate Rule 46(A)(8).

molesting where the victim must be under fourteen years of age, here, the State had to prove that S.F. was a person at least fourteen years of age but less than eighteen years of age. Neither the statutory elements nor the evidence used to convict Minton of these two counts was the same. There was no double jeopardy violation for Minton's convictions under Counts IV and V.

Minton also argues that his convictions under Counts I and II, likewise, violate the prohibitions against double jeopardy. Count I of the amended information alleged that, on or between 1992 and 1993, Minton, in violation of IC 35–42–4–3, did with S.F., a child under the age of fourteen, submit to fellatio. Count II alleged the same offense but stated the time frame as "[o]n or between January, 1993, and December, 1993." *Appellant's Appendix* at 50. Minton contends that because the time periods overlap for the year 1993 and the alleged behavior was identical, his conviction under both counts violates the Indiana Double Jeopardy Clause.

▮ Where, as here, a double jeopardy challenge is premised upon convictions of multiple counts of the same offense, the statutory elements test of *Richardson* is inapplicable. *Peckinpaugh*, 743 N.E.2d at 1242. Therefore, we proceed to the second test in *Richardson*—whether the actual evidence used to convict Minton under Count I was the same as the actual evidence used to convict him of child molesting under Count II. Our court has noted, "in order to prevail upon this basis, 'a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.'" *Id.* (quoting *Richardson*, 717 N.E.2d at 53).

Minton argues that "[g]iven S.F.'s confusion as to when things happened and where, it is entirely feasible that the times as well as the places were the same." *Appellant's Brief* at 12. This, Minton concludes, requires the merger of Counts I and II for purposes of double jeopardy.

▮ Notwithstanding Minton's assertions, the State and Minton both agree that the jury was presented with different evidentiary facts to support his convictions under Counts I and II. In his brief, Minton set forth Counts I and II, and the record cites to evidence supporting those counts, as follows:

### Count I

The first alleged incident occurred in [S.F.'s] house when Minton was putting up a ceiling fan. S.F. was asked by Minton to go into the basement. Minton allegedly put "icing" on his private part and put it in her mouth [Tr. 44].[9] S.F. didn't tell her mother what happened [Tr. 46]. This occurred when she was in first grade [Tr. 47].[10]

### Count II

An alleged second incident occurred near the same time at Minton's house [Tr. 47, Ex. No. 8]. Minton allegedly put "syrup" or "jelly" on "it" and put it in her mouth [Tr. 47]. These things happened two to three times in Minton's bedroom [Tr. 49, 52]. There were also

---

**9.** The State clarified that Minton's "private part" was in fact his penis. *Transcript* at 48.

**10.** S.F. was in first grade in 1991, 1992, and part of 1993 due to the fact that she had to repeat that grade. Because she was born in April 1985, she would have been no more than eight years of age in 1993.

incidents that occurred at Minton's girl-friend's house while S.F. was in first grade [Tr. 54–[55]]. Minton would allegedly put something on his private and put it in S.F.'s mouth [Tr. 55]. S.F. stated she was in the first grade for two (2) years [Tr. 55].

*Appellant's Brief* at 3–4. By his own account, there was distinct evidence that supported Count I and at least three separate incidents were described that could have constituted violations of IC 35–42–4–3 under Count II. The Double Jeopardy Clause does not protect a defendant from being convicted of multiple counts of the same offense against the same victim. We find no double jeopardy violation in Minton's conviction for all five counts alleged in the information.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.