## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 27 2015, 9:38 am

*Kevin S. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Steve Delp
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steve Delp,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

March 27, 2015

Court of Appeals Cause No. 49A02-1405-PC-358

Appeal from the Marion Superior Court.

The Honorable James B. Osborn, Judge.

Cause No. 49G02-0706-PC-102562

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Steve Delp (Delp), appeals the trial court's denial of additional credit time.

We affirm.

## ISSUES

On appeal, Delp presents five issues, two of which we find dispositive and restate as:

(1) Whether the trial court lacked jurisdiction to determine Delp's petition for the award of additional credit time; and

(2) Whether Indiana code section 35-50-6-3.3 violates the *ex post facto* clause of the Indiana and United States Constitutions.

## FACTS AND PROCEDURAL HISTORY

On June 6, 2007, the State filed an Information charging Delp with one Count of child molesting, as a Class A felony, and one Count of child molesting, as a Class C felony. On February 5, 2008, the jury found Delp guilty as charged, and on February 13, 2008, the trial court sentenced Delp to concurrent sentences of thirty years for the Class A felony conviction and four years for the Class C felony, fully executed in the Department of Correction (DOC). On April 29, 2014, Delp filed a *pro se* verified petition for credit time not previously awarded by the DOC in which he stated that he was entitled to credit time for completing the Purposeful Living Units Serve Program (PLUS Program)—an

existing faith and character based program that the DOC approved as a reformative program in 2010, and which allows offenders to earn up to six months of credit time upon completion.[1] On May 8, 2014, the trial court denied Delp's claim stating that it had "no jurisdiction to [override] the determinations of DOC" or determine "how much credit time is to be awarded within the parameters of [Indiana Code section] 35-50-6-3.3." (Appellant's App. p. 24).

Delp now appeals. Additional information will be provided as necessary.

DISCUSSION AND DECISION.

I. *Subject Matter Jurisdiction*

We first note that the State urges us to affirm the trial court's denial of Delp's petition for the award of education credit on the basis of lack of jurisdiction. The State contends that decisions regarding the award of education credit rest solely within the DOC's jurisdiction. The trial court's order denying Delp's petition stated that "Ind. Code [section] 35-50-6-3.3 is unambiguous in its

---

[1] According to the DOC website, the purpose of the PLUS Program is to provide an environment for offenders to change their past attitudes and behaviors in a manner that will assist them to return to the outside community. http://www.in.gov/idoc/files/01-03104_AP_Faith_and_Character_Based_Housing_8-1-07.pdf (last visited Mar. 4, 2015).

delegation of authority and jurisdiction to the [DOC] in approving programs and granting or denying earned credit time. Nothing in the statute grants the trial courts authority to give more credit time or less credit time than is set out in the statutes." (Appellant's App. p. 25). We agree.

[7] In general, the trial court determines the amount of credit time to which a defendant is entitled as of the time of sentencing, and the DOC determines modifications to credit time thereafter, including modifications for educational credit. *See Samuels v. State*, 849 N.E.2d 689, 692 (Ind. Ct. App. 2006), *trans. denied*. Indiana's education credit statute provides in pertinent part that

> (b) . . . a person may earn credit time if, while confined by the [DOC], the person:
> (1) is in credit Class I, Class A, or Class B;
> (2) demonstrates a pattern consistent with rehabilitation; and
> (3) successfully completes requirements to obtain at least one (1) of the following:
> (A) A certificate of completion of a career and technical or vocational education program approved by the [DOC].
> (B) A certificate of completion of a substance abuse program approved by the [DOC].
> (C) A certificate of completion of a literacy and basic life skills program approved by the [DOC].
> (D) A certificate of completion of a reformative program approved by the [DOC].

[8] Indiana Code section 35-50-6-3.3. Delp claims that he was in credit Class I, he had demonstrated a pattern consistent with rehabilitation, and that he had competed the PLUS Program, therefore, he is eligible to additional credit time. Even without determining whether Delp is in credit Class I or whether he has

demonstrated a pattern consistent with rehabilitation, on the face of his claim, Delp cannot earn credit through the PLUS program which is a reformative program. We note that all four programs listed in Ind. Code §. 35-50-6-3.3 (b)(3) are available to all offenders, however, sex offenders are excluded from earning education credit through reformative programs. This is because Indiana Code section 35-50-6-3.3 (d)(8) prohibits sex offenders from earning credit time through reformative programs. It is uncontroverted that Delp was a sex offender convicted of two Counts of child molesting. As such, Delp could not earn education credit through the PLUS Program. In this regard, we conclude that the trial court's order that it could not grant Delp's earned credit time other than what is set out in the statute was correct in all respects.

[9] Lastly, the State argues that Delp failed to exhaust his remedies with the DOC before resorting to judicial review. We note that the failure to exhaust administrative remedies is treated as an issue of subject matter jurisdiction. *City of East Chicago v. Copeland*, 839 N.E.2d 737, 742 (Ind. Ct. App. 2005), *trans. denied*. The legislature has determined that offender grievances arising out of administrative acts or omissions that affect the offender are to be resolved through a departmental grievance procedure that conforms to the requirements of Indiana Code section 11-11-1-1. If an offender exhausts all of his administrative remedies through the DOC and still fails to obtain the relief sought, Indiana's courts then have subject matter jurisdiction over a request for educational credit time. *Burks-Bey v. State*, 903 N.E.2d 1041, 1043 (Ind. Ct. App. 2009). The burden then shifts to the offender to show what the relevant

DOC procedures are and that he has exhausted them at all levels. *Id*. A petitioner's failure to exhaust his administrative remedies subjects his claim to dismissal. *See Young v. State*, 888 N.E.2d at 1255, 1257 (Ind. 2008).

[10] Delp maintains that he exhausted all of his administrative remedies. Although Delp did not provide us with the relevant DOC procedures he pursued, he includes correspondences with various prison officials indicating the steps he took to have his claim addressed. The record shows that on February 13, 2014, Delp wrote to his house counselor requesting a formal interview and claiming that he was due credit time after completing the PLUS Program. Delp's request was denied, and he was directed to address his grievance to the Central Office, which was a different office. The following day, February 14, 2014, Delp repeated his request with the Classification Office. The same day, the Classification Office responded by stating, "Central office denied you. That decision is final. Read policy." (Appellant's App. p. 27). On April 11, 2014, Delp filed a Classification Appeal challenging the denial of his grievance and again asked for the DOC to award him education credit for completing the PLUS Program. Three days later, on April 14, 2014, Delp's appeal was denied on the basis that "credit time is not subject to the classification appeals process. Central Office is the final authority in approving or denying credit time." (Appellant's App. p. 28).

[11] As such, we find that Classification Office's response of February 14, 2014 stating that "[c]entral office denied you . . . [t]hat decision is final," is an indication that the DOC reached its final decision. (Appellant's App. p. 27). In

this regard, we conclude that Delp exhausted all his administrative remedies, and we conclude that trial court did have subject matter jurisdiction, and by extension, so do we. *City of East Chicago*, 839 N.E.2d at 742.

## II. *Indiana Code Section 35-50-6-3.3*

[12] We now turn to Delp's claim that the application of Indiana Code section 35-50-6-3.3 violates *ex post facto* laws under the United States and Indiana Constitutions. Article I, § 10 of the United States Constitution prohibits the States from enacting laws with certain retroactive effects. *Minton v. State*, 802 N.E.2d 929, 933 (Ind. Ct. App. 2004), *trans. denied*. Similarly, the Indiana Constitution provides, "No *ex post facto* law . . . shall ever be passed." Ind. Const. Art. I, § 24. The analysis of an *ex post facto* claim is the same under both the federal and Indiana constitutions. *Minton*, 802 N.E.2d at 933.

[13] Our supreme court has held that "[a] law is *ex post facto* if it 'substantially disadvantages a defendant because it increases his punishment, changes the elements of or ultimate facts necessary to prove the offense, or deprives a defendant of some defense or lesser punishment that was available at the time of the crime.'" *Stroud v. State*, 809 N.E.2d 274, 288 (Ind. 2004). The focus of our inquiry is not whether a legislative change produced a disadvantage for the defendant, but rather whether such change altered the definition of criminal conduct or increased the penalty by which a crime is punishable. *Minton*, 802 N.E.2d at 934. Additionally, we note that the prohibition against *ex post facto* laws is not limited to substantive statutes; instead, it encompasses any law in

which the effect is to "make innocent acts criminal, alter the nature of the offense, or increase the punishment." *Stroud*, 809 N.E.2d at 288.

[14] The education credit statute, Indiana Code section 35-50-6-3.3 is a vehicle for inmates to earn additional credit time while incarcerated in the DOC. The purpose of the legislation is to encourage offenders to further their education in the hopes of enhancing rehabilitation. *See Members v. State*, 851 N.E.2d 979, 982 (Ind. Ct. App. 2008). Prior to 2010, the education credit statute allowed offenders to earn credit time upon the successful completion of at least one of the following programs approved by the DOC: (1) a career and technical education, (2) a substance abuse program, and (3) a literacy and basic life skills program. By an amendment that went into effect in July 2010, the legislature revised the education credit statute to allow offenders to earn credit time upon the completion of any reformative programs approved by the DOC. *See* I.C. § 35-50-6-3.3(b)(3)(D); Pub. L. No. 42-2010, §2. Nevertheless, through the same legislative act, it proscribed sex offenders from earning education credit time from reformative programs but in essence left other programs open. *See* I.C. § 35-50-6.3.3(d)(8). Consistent with the 2010 amendments, on June 8, 2010, the DOC issued an executive directive approving the existing PLUS Program as a reformative program. In addition, the directive allowed all offenders excluding sex offenders to earn up to six months of credit time upon completion.

[15] We find no merit in Delp's argument that the application of Indiana Code section 35-50-6-3.3(d)(8) violates the *ex post facto* prohibition to the extent that it increases the length of his sentence as it deprives him an opportunity to have

education credit applied to his served sentence. Indiana Code section 35-50-6-3.3(d)(8), both its availability and restriction, did not come into existence until 2010. It cannot be an *ex post facto* violation to deprive an offender of an opportunity that he never had. *See Budd v. State*, 935 N.E.2d 746, 752 (Ind. Ct. App. 2010). In *Budd*, Budd argued that it was an *ex post facto* violation to deprive him the opportunity to have his education credit time subtracted from his release date. *Id*. This court found that there was no *ex post facto* violation because this was an opportunity Budd never had when he was sentenced for the sex crimes in 1983; accordingly, he was not entitled to education credit time. *Id*.

[16] Likewise, the 2010 amendments allowing offenders to earn credit time upon the completion of reformative program such as the PLUS Program was not available to Delp when he was convicted of the sex crimes in 2008. As such, the deprivation of an opportunity to earn education credit through the PLUS Program cannot be an *ex post facto* violation. Although, the education credit statute places a restriction on sex offenders from earning education credit from reformative programs, that limitation does not render the law *ex post facto* as it neither alters the definition of child molesting nor increases the penalty. In light of the foregoing, Delp's *ex post facto* claim fails. *See Minton*, 802 N.E.2d at 934.

## CONCLUSION

[17] Based on the foregoing, we conclude that (1) the trial court did not abuse its discretion in finding that it is the responsibility of the DOC to deny or restore credit time (2) Ind. Code §.35-50-6-3.3 (d)(8) prohibits Delp from earning

additional education credit through the PLUS Program given that he is sex offender (3) Indiana Code section 35-50-6-3.3 does not violate *ex post facto* laws under the United States and Indiana Constitutions.

[18] Affirmed.

[19] Vaidik, C. J. and Baker, J. concur